In the Matter of THE CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Required for the Widening of Southern Boulevard and Other Streets in the Borough of The Bronx, City of New York.

SERVICE DINERS, INC., Respondent.

First Department, February 26, 1943.

*Eugene L. Brisach* of counsel (*Julius Isaacs* and *Leo Brown* with him on the brief; *William C. Chanler, Corporation Counsel*), for appellant.

*Bernard Cohen* for respondent.

MARTIN, P. J.   At the time the prior appeal in this proceeding was before this court, we reversed the final decree in so far as it denied the respondent herein compensation for a diner which had been erected within the area of the proposed widening of Whitlock avenue after the adoption of a map showing such proposed change.   (*Matter of City of New York [Southern Boulevard]*, 262 App. Div. 263.)   We then held that since the diner had been erected pursuant to a permit granted by the department of buildings, the fact that said permit may have been irregularly issued did not make the structure illegal or preclude the respondent from receiving just compensation if its property had actually been appropriated by the city of New York in the condemnation proceeding to obtain title to the land upon which it was located. Since the facts and circumstances involved, as they appeared in the record, were not sufficiently clear to warrant a determination of that question, the matter was returned to Special Term for a rehearing.

Upon the rehearing the only evidence adduced by the respondent in support of its claim that the city had appropriated the diner was testimony of its vice-president, Mr. Albert J. Raymond, that on July 13, 1938, he was served with notice to remove from the premises within thirty days, and that on August 13, 1938, some unidentified representative of the city came in and took possession of the premises and took the key from him. Asked whether subsequent to that date he ever came back into

possession of the diner, he replied that he went back four days later. He further testified that he visited the premises in October of 1938 and found that the diner had been removed. The respondent adduced no proof as to who was responsible for such removal.

The city on its part showed that a contract, entered into on August 11, 1938, between it and one Barr for the demolition of the structures in the path of the improvement, excluded among other things diners and lunch wagons. The city further adduced testimony that after title to the real property vested in it in March of 1938 the diner remained on the property undisturbed until October 15, 1938, when it was removed upon a trailer truck by the Williamsburg Trailer Service of 51 South Second street, Brooklyn, and set up at 56 Beard street, Erie Basin, Brooklyn. It introduced in evidence photographs of the diner upon a truck bearing the name of the aforesaid concern. It was not shown, however, by whose authority the diner had been removed. Inferentially, it was not done on behalf of or with the authority of the city. It is not to be presumed that the diner would have been removed without color of right, in broad daylight, while photographs were being taken of the proceeding and the license number of the truck recorded. Had the city prevented such removal, in all probability such fact would have been urged as conclusive evidence of its appropriation of the property. The respondent may have removed the diner to its present location and may now occupy it or may have sold its interest therein to another. The facts should be investigated and those that are material to this proceeding should be placed in evidence.

A rehearing was ordered to afford the respondent an opportunity of eliminating surmise and speculation and of establishing its right to compensation pursuant to the law of the case as laid down in our aforesaid decision. This it has wholly failed to do.

The decree should be reversed with costs and the matter remitted for a rehearing so that facts may be established on which to determine liability, if any, and the amount thereof.

TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Decree unanimously reversed with costs and the matter remitted for a rehearing. Settle order on notice.